**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SHAHIRA JANAE GOLIDAY**                                                      **PLAINTIFF**

**V.**                                                     **NO. 3:20-CV-228-DMB-RP**

**ANDREW SAUL,
Commissioner of Social Security**                                            **DEFENDANT**

## ORDER

On August 4, 2020, Shahira Janae Goliday filed a complaint in the United States District Court for the Northern District of Mississippi seeking judicial review of the Commissioner of Social Security's decision denying her claim for benefits. Doc. #1. On June 15, 2021, this Court reversed the unfavorable decision and remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. #24.

The same day, Goliday filed an amended[1] motion for an award of attorney's fees in the amount of $6,260.34 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),[2] to be paid to her attorney for 30.70 total hours of work performed at the rate of $203.92 per hour. Doc. #26 at PageID 1121. The Commissioner does not object to the requested fee award. Doc. #27. However, the Commissioner argues that, consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the award may be *mailed* to Goliday's counsel but must be made payable to Goliday. *Id.*

Under the EAJA, a court may award "reasonable fees and expenses of attorneys." 28 U.S.C. § 2412(b). "The claimant has the burden of demonstrating that the hours claimed were

---

[1] Earlier in the day, Goliday filed a motion for attorney's fees. Doc. #25. The Court presumes the amended motion was intended to supersede the original. Accordingly, the first motion will be denied as moot.

[2] The judgment in this case is properly considered final because the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g), which "terminates the civil action seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 298–99 (1993) (cleaned up).

reasonably expended on the prevailing claim through the presentation of adequately recorded time records as evidence." *Prince v. Colvin*, 94 F. Supp. 3d 787, 794 (N.D. Tex. 2015) (collecting cases).

The Court finds a fee award of $6,260.34 is reasonable and that no special circumstance would make the award unjust. The Court further finds that the award should be made payable to Goliday pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff* because Goliday has presented no argument or legal authority to the contrary. *See* 560 U.S. 586, 597–98 (2010) (holding the attorney's client should be the payee of the fee award pursuant to the provisions of the EAJA, regardless of any assignment).

Accordingly, Goliday's amended motion for attorney's fees [26] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent Goliday is awarded attorney's fees in the amount of $6,260.34 (30.70 hours at the hourly rate of $203.92). It is DENIED in all other respects. The Commissioner is **DIRECTED** to promptly pay Goliday $6,260.34 in attorney's fees for the benefit of her counsel. Goliday's original motion for attorney's fees [25] is **DENIED as moot**.

**SO ORDERED**, this 9th day of July, 2021.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**